IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Great American Alliance Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> The Maze, LLC; Karen L. Hill, <br><br> Defendants. | Case No. 7:24-cv-05260-JDA <br><br><br> **OPINION AND ORDER** |

This matter is before the Court on a motion by Great American Alliance Insurance Company ("Plaintiff") for default judgment against The Maze, LLC ("The Maze"); and Karen L. Hill ("Hill") (collectively, "Defendants") in an action concerning coverage under a commercial general liability insurance policy. [Doc. 22.] For the reasons stated herein, Plaintiff's motion is granted.

## BACKGROUND[1]

**The Parties, the Insurance Application, and the Policy**

Plaintiff is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio. [Doc. 1 ¶ 3.] The Maze is a South Carolina limited liability company with its principal place of business in Spartanburg County, South Carolina. [*Id.* ¶ 4.] Hill is the owner of The Maze, operates

---

[1] This Background Section is taken directly from the facts alleged in the Complaint. [Doc. 1].

and/or manages a club called "The Maze" or "Club Maze" (the "Club"), and is a citizen and resident of Spartanburg County, South Carolina. [*Id.* ¶ 5.]

The Maze submitted an application for insurance, dated January 16, 2021 (the "Application"), under the Food Liability Insurance Program. [Docs. 1 ¶¶ 27–30; 1-4.] The Food Liability Insurance Program is an insurance program written for vendors, distributors, and manufacturers of food products who are participating members of the Beauty Health & Trade Alliance. [*Id.* ¶ 23.] Each insurer in the Food Liability Insurance Program issues a master policy to the Beauty Health & Trade Alliance. [*Id.* ¶ 24.] Members can then apply for insurance coverage through the Food Liability Insurance Program and, if approved, become insureds under one or more master policies through a certificate of coverage. [*Id.*]

The Application identified a number of excluded products under the general liability coverage, including, but not limited to, the following: (1) alcoholic beverages or products (including serving, selling, or sub-contracting—covered by liquor liability policy); (2) companies/operations not in compliance with county, state, and federal food and safety regulations; and (3) restaurant, café, bakery, tavern, or similar establishment, with operations where the applicant owns or leases the space where customers enter to purchase food/beverages. [*Id.* ¶ 29.] The Application further identified a number of excluded operations for the Food Liability Insurance Program, including, but not limited to, the following: (1) bar and/or tavern; and (2) nightclub. [*Id.* ¶ 30.] In the Application, The Maze described its business as "bartending" and answered "no" when asked whether it was a "bar or tavern." [*Id.* ¶ 27.] Despite its answers on the application, The Maze knew, when it completed its application, that it operated a bar, tavern, or nightclub at a

location where it leased space where customers entered to purchase food/beverages, which was exactly the type of business that the insurance application stated Plaintiff would not insure. [*Id.* ¶ 44.] The Maze intended that its false answers would deceive Plaintiff so that it would issue a policy to The Maze. [*Id.* ¶ 45.]

Based on The Maze's representations in the Application, Plaintiff issued a certificate of coverage to The Maze for commercial general liability coverage and a commercial general liability policy, bearing policy number PL3403151 for the policy period January 16, 2021, to January 16, 2022 (the "Policy"), to Beauty Health & Trade Alliance under the Food Liability Insurance Program. [*Id.* ¶¶ 22, 31.] The Maze's business on the certificate of coverage is described as "bartending." [*Id.* ¶ 31.] The policy Plaintiff issued to the Beauty Health & Trade Alliance through the Food Liability Insurance Program is designed to enroll through certificates individuals or businesses that are smaller in nature and involved in operations that include, but are not limited to, concessionaires such as food trucks, food carts, or food trailers; personal or private chefs; farmer's markets, and caterers. [*Id.* ¶ 25.] Had Plaintiff known the truth about the business operated by The Maze, it would not have issued the Policy. [*Id.* ¶ 46.]

**The Underlying Lawsuits**

In July 2023, Lau'Naja Wright filed a complaint in the Spartanburg County Court of Common Pleas against The Maze, Hill, and one other person for her bodily injuries arising out of a shooting that occurred at the Club on January 17, 2021, C.A. No. 2023-CP-42-02604 (the "Wright Lawsuit"). [*Id.* ¶¶ 9, 13.] The Wright Lawsuit alleges that Wright was at the Club on January 17, 2021, when an individual discharged a firearm, causing a large group of people to flee the building, during which time she suffered personal injuries. [*Id.*

3

¶ 15.]  It also alleges, as is relevant here, that The Maze and Hill were negligent/grossly negligent in a number of particulars, including, but not limited to, failing to operate the premises in a legal and safe manner, failing to adequately screen for weapons, hiring/retaining inadequate security employes to make the premises safe, supervising security employees, training security personnel, failing to warn of the dangerous premises created by inadequate security, failing to have a security plan or procedure, and failing to take any action to assist Wright once they knew or should have known of her injuries.  [*Id.* ¶ 16.]

In January 2024, Jamarius Griffin also filed a complaint in the Spartanburg County Court of Common Pleas against The Maze, Hill, and two other people for injuries arising out of the same shooting, C.A. No. 2024-CP-42-00050 (the "Griffin Lawsuit").  [*Id.* ¶ 17.] Griffin describes The Maze as a club and alleges he was a customer at the Club on January 17, 2021, when a fight occurred and a firearm was discharged causing injury to several customers, including him.  [*Id.* ¶ 19.]  The suit alleges, as is relevant here, that The Maze and Hill were negligent/grossly negligent in a number of particulars, including, but not limited to, failing to properly investigate or screen agents, servants, or employees before hiring; failing to train or negligently training agents, servants, or employees regarding proper safety procedures; failing to adequately supervise persons acting on their behalf; failing to establish proper procedures; failing to monitor performance of security personnel; failing to hire competent security personnel; and failing to warn of the risks of criminal and/or dangerous activity on the premises.  [*Id.* ¶ 20.]

Plaintiff is defending Defendants in the Wright Lawsuit and the Griffin Lawsuit (collectively, the "Underlying Lawsuits") subject to full and complete reservations of its rights. [*Id.* ¶ 21.]

**The Present Action**

On September 23, 2024, Plaintiff filed its Complaint in the present action, seeking, as is relevant here, rescission of the Policy.[2] [*Id.* ¶ 34–47.] Plaintiff filed proof of service showing that Defendants were duly served with copies of the summons and complaint on November 21, 2024. [Docs. 9-1; 9-2.] After Defendants failed to file any answer or motion to dismiss or make any other appearance, Plaintiff moved for entry of default against Defendants, and the Clerk of Court entered default on December 27, 2024. [Docs. 12; 13.]

On April 3, 2025, Plaintiff filed a motion for default judgment against Defendants and served the motion on Defendants. [Docs. 22; 24.] Neither Defendant has filed any response. The motion is now ripe for review.

## APPLICABLE LAW

**Default Judgment Standard**

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment." *United States*

---

[2] Plaintiff named Wright and Griffin as defendants in the Complaint, but they have since been dismissed. [Docs. 1; 19.]

5

*v. Clark*, No. 3:17-cv-03440-JMC, 2019 WL 1122933, at *1 (D.S.C. Mar. 12, 2019) (internal quotation marks omitted).

In considering a motion for default judgment, the court accepts as true all well pleaded factual allegations in the complaint not relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6). The court then must "determine whether the well-pleaded allegations in the operative complaint support the relief sought." *Mey v. Phillips*, 71 F.4th 203, 223 (4th Cir. 2023) (cleaned up). As a result, before entering default judgment, the court must "evaluate the plaintiff's complaint against the standards of Fed. R. Civ. P. 12(b)(6) to ensure that the complaint properly states a claim." *Rollins Ranches, LLC v. Watson*, No. 0:18-cv-03278-SAL, 2021 WL 5355650, at *3 (D.S.C. Nov. 17, 2021) (internal quotation marks omitted).

**Rule 12(b)(6) Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985). If matters outside the pleadings are presented to and

not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled

to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief.[3] *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

## DISCUSSION

The Court concludes here that Plaintiff's well pleaded allegations, accepted as true, demonstrate Plaintiff's entitlement to rescission of the Policy.

As relevant here, Plaintiff seeks a default judgment that the Policy is void because of material misrepresentations made in the policy application. [Doc. 1 ¶¶ 35–47.] Under South Carolina law, to void an insurance policy based upon a misrepresentation, the insurance company must show (1) the falsity of the statement, (2) knowledge of the falsity by the applicant, (3) materiality of the statement to the risk, (4) intention of the applicant to defraud the insurer, and (5) reliance by the insurer on the statement in issuing the policy. *See Strickland v. Prudential Ins. Co. of Am.*, 292 S.E.2d 301, 304 (S.C. 1982).

As noted, Plaintiff has alleged that The Maze knew, when it completed the January 16, 2021, application, that it operated a bar, tavern, or nightclub at a location where it

---

[3] "[E]ven after *Iqbal* and *Twombly*, a plaintiff may state a claim based 'upon information and belief,' especially if the facts are peculiarly within the defendant's knowledge and control, so long as an inference of culpability is plausible." *Dedrick v. Abilene Motor Express, Inc.*, No. 1:21CV00027, 2021 WL 5236817, at *6 (W.D. Va. Nov. 8, 2021); *see Wells v. Moore Cnty. Schs. Bd. of Educ.*, No. 1:23CV412, 2025 WL 1348491, at *6 (M.D.N.C. May 8, 2025).

leased space where customers entered to purchase food/beverages. [Doc. 1 ¶ 44.] Despite this knowledge, on its application, The Maze described its business as "bartending" and answered "no" when asked whether it was a "bar or tavern." [*Id.* ¶ 28.] The Maze made these misrepresentations with the intent to deceive Plaintiff so that it would issue the Policy. [*Id.* ¶ 45.] The misrepresentations were material to the risk and Plaintiff issued the Policy in reliance on the misrepresentations. [*Id.* ¶ 46.] Taking these allegations as true by virtue of Defendants' default, the Court concludes that Plaintiff is entitled to rescission of the Policy.[4] See *Strickland*, 292 S.E.2d at 304.

## CONCLUSION

In sum, for the reasons explained, Plaintiff's motion for default judgment [Doc. 22] is GRANTED as to Plaintiff's claim for rescission of its insurance policy, and the Court finds Plaintiff's insurance policy to be void *ab initio* based on the material misrepresentations made in the insurance application by The Maze. Plaintiff's other claims are therefore FOUND AS MOOT. The Clerk is directed to send a copy of this Opinion and Order to the parties.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

November 4, 2025
Greenville, South Carolina

---

[4] In addition to its claim for rescission of the Policy, the Complaint includes several other claims, all which concern whether the Policy provides coverage. [Doc. 1 ¶¶ 48–78.] In light of the Court's conclusion that Plaintiff is entitled to default judgment on its rescission claim, these other claims are found as moot.